[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum of Decision re Motion to Intervene
In this habeas matter which has gone to judgment, the court has before it a motion to intervene filed by the trial attorney for the petitioner. The motion to intervene seeks its authority in Practice Book section 6-6 and General Statutes section 52-102.
On June 3, 1997, William Suarez was convicted after a jury trial of one count of Possession of a Narcotic Substance with Intent to Sell, in violation of Gen. Stat. 21a-278 (b) and one count of Possession of a Narcotic with Intent to Sell in violation of Gen. Stat. 21a-278a(b). He was sentenced, on August 21, 1997 to an effective sentence of eighteen years, suspended after serving thirteen years (eight years of which was mandatory pursuant to the statutory provisions).
Suarez, through his habeas counsel, brought a habeas corpus petition claiming ineffective assistance of counsel in the representation of Suarez before the trial court. The petitioner and the Warden entered into a stipulated settlement agreement which, by its terms, provided for a vacating of the 21a-278 (b) conviction and for the substitution of a21a-277 (a) conviction with a resentencing under that statute. Essentially, the impact was that Suarez would be sentenced as a drug dependent person. Further, his appeal rights were restored. This settlement agreement was approved and made a judgment of the habeas court (Silbert, J.) on September 19, 2000.
Trial counsel for Suarez seeks to intervene, claiming his interests, pursuant to Practice Book 23-40 have been violated. He represents to the court that the state's attorney representing the warden promised to keep him appraised of the habeas proceedings and failed to do so. The Motion to Intervene seeks to appear as "second-unnamed defendant", claiming an interest in the controversy inasmuch as the petitioner was claiming his ineffective assistance of counsel. He further claimed "as this matter stands, I am not immune from liability, and that if allowed to appear, this counsel will file a motion to open this stipulated agreement. Lastly, my Fourteenth Amendment Due Process Rights to notice, and a right to be heard, have been violated."
The following provisions of the Practice Book and Connecticut General CT Page 3310 Statutes govern those situations under which a motion to intervene should be entertained by the court.
"P.B. Sec. 9-6. Interested Persons as Defendants
Any person may be made a defendant who has or claims an interest in the controversy, or any part thereof, adverse to the plaintiff, or whom it is necessary for a complete determination or settlement of any question involved therein, to make a party. (See General Statutes § 52-102 and annotations.)"
"Sec. 52-102. Joinder of persons with interest adverse to plaintiff andof necessary persons. Upon motion made by any party or nonparty to a civil action, the person named in the party's motion or the nonparty so moving, as the case may be, (1) may be made a party by the court if that person has or claims an interest in the controversy, or any part thereof, adverse to the plaintiff, or (2) shall be made a party by the court if that person is necessary for a complete determination or settlement of any question involved therein; provided no person who is immune from liability shall be made a defendant in the controversy."
At the outset it must be understood that the attorney seeking to intervene claims an interest contrary to the petitioner (equivalent to the plaintiff), it being the interests concern that the petitioner seeks to prevail on an ineffective assistance claim which is contrary to the professional integrity interests of the attorney seeking to intervene. Accordingly, this attorney claims an interest in the controversy.[1]
In every habeas case where there is an ineffective assistance of counsel claim there is a defense attorney, who while undoubtedly asserting that he/she acted as a vigorous advocate for the client, also is mired in the desire to protect his/her reputation. Typically, the attorney for the warden, at trial, calls the petitioner's trial counsel as a witness, to put before the court all the evidence of the trial attorney's work on the petitioner's behalf that is relevant to the habeas claim.
In this instance the trial defense counsel, if permitted to intervene, seeks to open the habeas judgment that was entered pursuant to a stipulation between the petitioner and the state (the warden). It is his position that pursuant to practice book section 23-40, he was entitled to be present at the dispositive hearing on the habeas matter.
Practice Book Sec. 23-40 (a) provides, in relevant part: "the petitioner and, if they are not the same, the subject of the petition, shall have the right to be present . . . at any hearing . . . which may CT Page 3311 be dispositive of the case. . . ." The trial counsel asserts that he is "the subject of the hearing" because he was the trial counsel and it is a habeas petition claiming ineffective assistance of counsel. This is, simply put, an improper reading and interpretation of the practice book section. Mr. Suarez, in a habeas corpus matter is the subject of the petition. Petitions may be brought by the corpus, the prisoner himself, or by another on his behalf (General Statutes § 52-466). The language of the practice book is in place to provide for those situations in which a habeas corpus petition has been made by another on behalf of a sentenced prisoner such as Mr. Suarez.[2] The practice book language is not in place to allow trial counsel an opportunity to appear and vindicate his or her own interests, whatever they may be. A habeas corpus action brought by, or on behalf, of a sentenced prisoner exists to vindicate fundamental constitutional rights of that prisoner, not interests of his former counsel.
Therefore, the motion to intervene is denied.
It is so ordered.
The Court
By Munro, J.